## Hendrickson v. Commonwealth.

(Decided January 15, 1924.)

### Appeal from Bell Circuit Court.

1. Homicide—Plea of Self-Defense should be Sustained if Defendant Shot at and Wounded First.—If one charged with maliciously shooting at and wounding another with intention to kill him was unexpectedly assailed and fired on and wounded by such other before he began to shoot, his plea of self-defense should have been sustained.

2. Criminal Law—Court Held to have Erred in Not Giving Time to Apply for Continuance and in Denying New Trial.—Where defendant had only a few minutes consultation with attorney, who stated that he was not ready for trial, the court erred in refusing to allow time to prepare and file affidavit showing evidence which absent witnesses would give and, having put him upon trial without such affidavit, the court should have granted a new trial

upon his motion supported by affidavit showing the materiality of matter expected to be proved by absent witnesses.

W. T. DAVIS and E. B. WILSON for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant Hendrickson was indicted and convicted in the Bell circuit court of the crime of maliciously shooting at and wounding Buck Brackett, with intention to kill him. The same grand jury indicted Brackett for a like crime committed at the same time against appellant Hendrickson. After appellant was put upon trial and the Commonwealth had concluded its evidence, by agreement the case against Brackett was heard before the same jury. They were both convicted. It appears from the bill of evidence that appellant Hendrickson and Brackett were at the L. & N. depot at Fourmile, in Bell county, about nine (9) o'clock in the morning, and that each fired shots at the other, inflicting the wounds for which the indictments were returned. Appellant Hendrickson insists that he was unexpectedly assailed and fired on by Brackett, and that Brackett had fired two shots at him and wounded him before appellant began to shoot. If so, his plea of self-defense should have been sustained.

Appellant assigns several grounds for a reversal of the judgment, but we will consider only one or two of them. He was shot through the chest and as a consequence suffered a very severe injury. For several weeks he was confined to a hospital. In the meantime Brackett had been arrested and held by the examining court to answer an indictment. No charge was made against appellant. Later he was indicted and taken and carried to jail where he remained for some time before the commencement of the next term of court. In the latter part of May the case against appellant was called in the Bell circuit court, in his absence, and set for June 4th. It appears no notice was given appellant of the setting of his case until he was brought out for trial. Being without funds he had not employed counsel, and so informed the court. After the case had been called for trial the brother of appellant employed an attorney to represent him, and, after a few minutes' consultation, the at-

torney so employed informed the court that appellant was not ready for trial and asked time in which to prepare and file an affidavit for postponement or continuance of the case until the witnesses could be obtained. This was refused by the court. Counsel was not allowed time in which to prepare and file an affidavit for a continuance but was required to go into trial immediately.

In his motion and grounds for new trial appellant set forth these facts and supported them by the affidavit of himself and several other persons, and also set forth the facts which he expected to prove by the several absent witnesses whom he named. This evidence would have been very material to his defense. The court should have allowed him time in which to prepare and file his affidavit, showing the evidence which the absent witnesses, if present, would have given before putting him upon trial; but having put him upon trial without such affidavit, it should have set aside the verdict and judgment and have granted him a new trial upon his motion supported by the affidavits which were made a part of the record.

As there must be a new trial we will refrain from a discussion of the evidence.

For the reasons indicated the judgment is reversed for a new trial.

Judgment reversed.